UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:05CV-165-R

FRANKLIN STONE,                                                                                    PLAINTIFF

v.

ED ADAMI, SUPERINTENDENT OF                                                         SCHOOLS,
BALLARD COUNTY BOARD
OF EDUCATION, OFFICERS, MEMBERS,
ET. AL.,                                                                                              DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on Defendants' Motion for Summary Judgment (Docket #11). The Plaintiff has responded (Docket #12). This matter is now ripe for adjudication. For the following reasons, the Defendants' motion is **GRANTED**.

**BACKGROUND**

Plaintiff alleges race and age discrimination in violation of Title VII and the Age Discrimination in Employment Act (ADEA). The Plaintiff, Franklin Stone ("Stone"), began his employment with the Ballard County school system on August 17, 1992, and worked there until his termination on January 28, 2005. Stone's duties included working as: a bus driver, bus driver trainer, lawn care maintenance man, and other jobs. Stone is an African-American male, age 63, and was over the age of 40 at the time the alleged discrimination in question took place.

In September 2004, while working as a bus driver trainer, Stone recommended Ms. Larnel Arnold ("Arnold"), an African-American woman he knew from church, as a substitute bus monitor. After she began working, the Defendants subsequently discovered that at the time

of her hiring Arnold had pending criminal felony charges against her.  Superintendent Ed Adami ("Adami") informed Richard Overby ("Overby"), the Plaintiff's supervisor, to let Stone know that he should no longer employ Arnold as a bus monitor because of her pending criminal charges.  Plaintiff believes he was told not to use her anymore because she is African-American.

Overby let Stone know that he should no longer utilize Arnold as a substitute bus monitor.  However, after being informed not to use Arnold, Plaintiff continued to do so.  Consequently, he was given a formal reprimand on September 27, 2004.  Later that school year, Stone received a second formal reprimand on December 14, 2004, for dropping off a student at a bus stop, who was aged 2nd grade or younger, without a parent or guardian present to receive the child.  Ballard County has a policy that prohibits its drivers from dropping off students aged 2nd grade or younger without a parent or guardian present.  The child had to go to the home of a neighbor, which resulted in the child's parents making a complaint to the school system.

On January 28, 2005, after returning the school bus back to campus, the Plaintiff failed to perform a "walk through" of his bus at the end of his shift.  A walk through consists of the driver walking down the bus aisle to make sure each student is no longer on the bus.  On that day, a first grade student had fallen asleep on the route, and remained on the bus.  After the child's mother called the school in search of her child, another bus driver discovered the child sleeping on the bus.  After this incident, the Defendants terminated the Plaintiff that very same day on January 28, 2005.

After his termination, Stone requested a meeting with Adami, as is permitted by the school board.  Stone claims that Adami refused to meet with him, while Adami states that two (2) appointments had been set, and Stone never appeared.  Stone does not deny that he failed to

keep his two (2) appointments.  Subsequent to his termination, Stone's position was filled by Mr. Michael Wright ("Wright") a Caucasian male, age 50.  Stone believes this demonstrates his termination was race related.  The Defendants assert that Stone was terminated for his three (3) infractions, not his race nor his age.  Stone also referenced a prior incident where a bus driver failed to conduct a walk through and a student was left on the bus; however, Stone noted that the woman, Ms. Jo Ann Hill ("Hill"), who is Caucasian, age 46, was not terminated.  The Defendants stated that Hill was not terminated because that was her first infraction.  Stone also referenced six (6) prior occasions to the infractions in question, where Overby would not provide him the same privileges as other employees, alleging that he was not given such privileges because of his race.  This included not being given access to the break room and board offices, and being denied use of a Board of Education vehicle.  Stone petitioned the Superintendent and the State Transportation Board, respectively, and was given access to each privilege following his formal complaint.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[N]ot every issue of fact or conflicting inference presents a genuine issue of material

fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of the evidence. To support his position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

Title VII under 42 U.S.C. 2000(e) prohibits discrimination at the work place on the basis of race. The ADEA prohibits discrimination in the work place on the basis of age, protecting employees aged 40 and older. The United States Supreme Court, in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applied the burden shifting analysis in looking at discrimination cases, and that analysis has been adopted by the Sixth Circuit Court of Appeals. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992). Under the *McDonnell Douglas* standard, the Plaintiff must first establish a *prima facie* case of discrimination through direct evidence or by

4

showing: 1) that he/she belongs to the statutory protected class at the time of the alleged discrimination; 2) he/she performed his/her job satisfactorily (was otherwise qualified for the position); 3) he/she was subject to an adverse employment decision and 4) and the adverse decision resulted in another person not in the protected class taking the position of the plaintiff. *McDonnell Douglas* at 802-805. If the plaintiff can meet this initial hurdle, the burden shifts to the employer who must then state with clarity its legitimate reason for the adverse decision. *Id*. If the employer offers a legitimate reason, then the burden shifts back to the plaintiff who must then show that he/she is the victim of intentional discrimination and the employer's reasons were pretextual. *Id*.

To meet this final burden the plaintiff must offer direct or circumstantial evidence that rebuts the reasoning offered by the employer. *Nguyen v. City of Cleveland*, 229 F.3d 559, 566 (6th Cir. 2000); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1973). Direct evidence consists of evidence, "which if believed by the trier of fact, will prove the particular fact in question without reliance on inference or presumption." *Nguyen*, 229 F.3d at 566. Circumstantial evidence is "evidence sufficient to raise the inference that [the] protected activity was the likely reason for the adverse action." *Id.* This includes demonstrating that similarly situated employees not in a protected class were treated more favorably. *Clayton v. Meijer, Inc.*, 281 F.3d 605, 610-11 (6th Cir. 2002). Although the burden of proof may be on the plaintiff to meet this final standard, in a discrimination case the Plaintiff "must be given a full and fair opportunity to demonstrate by competent evidence that the presumptively valid reasons for his[/her] rejection were in fact a coverup for a....discriminatory decision." *McDonnell Douglas* at 805.

There is no direct evidence of discrimination offered by the Plaintiff in the instant matter, thus the Court will use the four-step analysis to see if the Plaintiff established a *prima facie* case for discrimination in each instance. As such, the Court will address each discrimination claim to determine whether or not genuine issues of material fact exists in the instant matter.

### *Age Discrimination Claim*

In their motion for summary judgment the Defendants argue that Stone cannot establish a *prima facie* case of age discrimination.  Though the Defendants yield the first three elements in establishing a *prima facie* case to Stone, they argue that the Plaintiff cannot meet the last step of the analysis because he was replaced by a person who was also in the same protected class as Stone.  Upon his termination, Stone was replaced by Michael Wright, who was 50 years old at the time he replaced Stone.  As mentioned *supra*, the protected class for an age discrimination case includes all individuals over the age of 40.  Accordingly, Wright was in the protected class of individuals when he replaced Stone, and Stone cannot meet the fourth element.  Therefore, Stone's claim alleging age discrimination fails as a matter of law because he cannot establish a *prima facie* case for age discrimination against the Defendants.

### *Race Discrimination Claim*

In their motion for summary judgment, the Defendants yield that Stone may establish a *prima facie* case for race discrimination, but assert that Stone cannot show his termination was racially motivated because the Defendants terminated him for a legitimate business reason and that Stone has not proved that the reasons for his termination were pretextual.  In his response, Stone claims that the decision to terminate him was not a legitimate decision, but instead was an act of racial discrimination.  Stone may prove that the legitimate reason for his termination

provided by the Defendants was pretextual by showing that the proffered reason: (1) had no basis in fact; (2) was not the actual reason motivating the employment decision; or (3) was insufficient to justify the decision. *Brocklehurst v. PPG Industries, Inc.*, 123 F.3d 890, 898 (6th Cir. 1997).

The Sixth Circuit Court of Appeals, in *Mitchell*, stated a plaintiff can also demonstrate pretext in a discrimination case by making "a comparison of a discrimination [of] plaintiff's treatment to that of non-minority employees, [and] the plaintiff must show that the 'comparables' are similarly situated in all respects." *Mitchell*, 964 F.2d at 583 (emphasis in original).  The Court expanded upon this rule in *Ercegovich v. Goodyear Tire and Rubber Co.*, holding that "[t]he plaintiff need not demonstrate an exact correlation with the employee receiving more favorable treatment in order for the two to be considered 'similarly-situated;' rather...the plaintiff and the employee with whom the plaintiff seeks to compare himself or herself must be similar in 'all of the relevant aspects.'" *Ercegovich v. Goodyear Tire and Rubber Co.*, 154 F.3d 344, 352 (6th Cir.1998).  As mentioned *supra*, the Plaintiff may also show pretext of discrimination through circumstantial evidence that raises an inference of discriminatory conduct on the part of the Defendants. *Nguyen* at 566.  As such, the Court will look at the decision by the Defendants to terminate Stone, as well as the evidence offered by Stone to prove pretext on the part of the Defendants.

Though they yield that Stone may establish a *prima facie* case for race discrimination, the Defendants offer legitimate reasons for their decision to terminate Stone.  The Defendants cite the three (3) aforementioned infractions that took place within a span of four (4) months between September 2004 and January 2005.  The reasons for these reprimands included: Stone used a bus

monitor, who had pending criminal charges, against the instruction of his supervisors; Stone dropped off a young student at a bus stop, who was a 2nd grader or younger, without a parent or guardian there to receive the student; and Stone failed to do a walk through at the end of his shift, which resulted in Stone not realizing he had left a student on the bus after his shift was over. These infractions provided the Defendants with a legitimate reason to terminate Stone because they imply a pattern of misbehavior that warrants a termination. There is no dispute that the infractions occurred. Accordingly, the burden shifts back to the Plaintiff to prove that he was the victim of intentional discrimination and that the reasons for his firing were pretextual.

     Stone offers no direct evidence to meet his burden of showing pretext, but instead offers circumstantial evidence through past instances where his supervisor, Overby, denied him certain employee privileges prior to the termination; and the fact that Jo Ann Hill, a Caucasian bus driver, was not terminated after she left a child on her bus at the end of her route. In order for such circumstantial evidence to demonstrate discrimination on the part of the Defendants, it must raise an inference that Stone was fired because he is African-American. *Nguyen* at 566. In the instant matter, the evidence offered by Stone does not give rise to an inference that he was fired on the basis of his race.

     The past instances where Overby denied Stone the use of the faculty lounge and a state vehicle do not give rise to a claim for discrimination. As required by the Courts in *Mitchell* and *Ercegovich*, Stone has not offered any evidence to show that other similarly situated employees who were not African-American were permitted to use the lounge or state vehicles. The first event took place approximately six to seven years prior to his termination in 2005, indicating that it was not directly related to the Defendants' decision to terminate Stone. Further, the three (3)

infractions leading up to his termination demonstrate that the Defendants had a legitimate reason to terminate the Plaintiff that was not pretextual, but instead resulted from the conduct of the Plaintiff. Stone has not demonstrated that the Defendants did not have any basis because their reason for terminating him came from Stone's inappropriate conduct. Further, the Defendants have shown that the infractions were the reason why they terminated him. Lastly, the decision to terminate Stone was sufficient under the circumstances based on his three (3) infractions in a period of four (4) months. Thus, the Defendants made a legitimate decision to terminate the Plaintiff based upon his three (3) infractions during a four (4) month span, not on the basis of his race.

Lastly, the Defendants correctly distinguish the case of Jo Ann Hill from the instant matter, in noting that when Hill failed to conduct her walk through it was only her first infraction, whereas Stone had three (3) infractions at the time of his termination. As such, the comparison of Stone's situation to Hill's does not show that Hill received more favorable treatment than Stone. Accordingly, Stone has not demonstrated that he was the victim of intentional discrimination or that the reasons for his firing were pretextual. Therefore, the Plaintiff's age discrimination claim fails as a matter of law.

## CONCLUSION

For the foregoing reasons, the Defendants' motion for summary judgment is **GRANTED**. The Plaintiff's case is hereby **DISMISSED**.

An appropriate order shall issue.